**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Elliott Judon, Jr., Appellant.

Appellate Case No. 2015-000728

---

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-308
Submitted June 1, 2017 – Filed July 26, 2017

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Elliot Judon, Jr. appeals his conviction of trafficking cocaine base, arguing the trial court erred in (1) denying his motion to dismiss in violation of his right to a fair trial, (2) denying his motion to suppress drugs found during a

search that exceeded the scope of the traffic stop, and (3) denying his motion to suppress his statement to police admitting he had drugs because it was the product of coercion by police and the record contains no proof he had been read his *Miranda* rights. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his motion to dismiss: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding the suppression of evidence favorable to a defendant "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"); *State v. Moses*, 390 S.C. 502, 515, 702 S.E.2d 395, 402 (Ct. App. 2010) (explaining to establish a *Brady* violation in South Carolina, a defendant must demonstrate the evidence "(1) was favorable to the accused; (2) was in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching"); *Sheppard v. State*, 357 S.C. 646, 660, 594 S.E.2d 462, 470 (2004) ("Favorable evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."); *State v. Kennerly*, 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) (noting evidence is not material under *Brady* if disclosed in time for its effective use at trial); *State v. Cheeseboro*, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) (providing "a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means" to establish a due process violation for the State's failure to preserve evidence); *State v. Reaves*, 414 S.C. 118, 127-28, 777 S.E.2d 213, 218 (2015) (rejecting defendant's argument bad faith could be established when "the police's actions in failing to preserve evidence were so egregious" and noting even if it accepted the argument, the record contained no indication the "flaws [in the investigation] were the product of more than mere negligence"); *Cheeseboro*, 346 S.C. at 539, 552 S.E.2d at 307 (finding the defendant failed to demonstrate the State destroyed evidence in bad faith because although "there [was] evidence of lack of care, there [was] no evidence of an intentional destruction of relevant evidence"); *State v. Jackson*, 302 S.C. 313, 315, 396 S.E.2d 101, 102 (1990) ("Specifically, the police must know of the exculpatory value of the evidence before it is destroyed."); *State v. Hutton*, 358 S.C. 622, 632, 595 S.E.2d 876, 882

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(Ct. App. 2004) (finding the defendant could obtain other evidence of comparable value by other means because the trial court allowed thorough cross-examination of the witness about the destroyed evidence).

2.  As to whether the trial court erred in denying Judon's motion to suppress his statements and motion to suppress the drugs: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Dicapua*, 373 S.C. 452, 455, 646 S.E.2d 150, 152 (Ct. App. 2007) (holding defendant's statement that he had no objection to the admission of a video into evidence "amounted to a waiver of any issue [he] had with the [evidence]").

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**